1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11 | BRIAN LASSETTER, et al,

CASE NO. C11-0482-JCC

12 | Plaintiffs,

ORDER

13 | v.

14 | NANCY BRAND, et al.,

15 | Defendants.

16

17       This matter comes before the Court on the motion for summary judgment of Defendant

18 Daniel Satterberg (Dkt. No. 26), the motion to dismiss of Defendant Rob McKenna (Dkt. No.

19 30), as well as a variety of motions from Plaintiff Brian Lassetter. (Dkt. Nos. 28, 31, 34, 35,)

20 Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral

21 argument unnecessary and hereby rules as follows.

22 **I.      BACKGROUND**

23       Plaintiff Brian Lassetter is an inmate at the Northern Nevada Correctional Center. He

24 alleges that two of his children were adopted in Washington State on October 17, 2007 by

25 Defendants Wanda and Perry Beiber. (Dkt. No. 1-1 at ¶ 3.) He further alleges that the adoption

26 was finalized without his consent or due process of law. (*Id.*) He appealed the adoption directly

to the Washington State Supreme Court, and the appeal was denied. (*Id.*) Plaintiff alleges that on July 21, 2010, he wrote to the Washington State Attorney General, the Federal Bureau of Investigation, and the King County Prosecutor, (the "Government Defendants") requesting an investigation into his children's adoption. (*Id.*) These agencies declined his request. (*Id.*) Plaintiff now brings a variety of claims. Against the Beibers, Defendant Helene Ellenbogen, and Defendant Nancy Brand, the grandmother of his children, (the "Individual Defendants") he brings a variety of fraud claims. Against the Government Defendants, he brings claims for failure to investigate his reports of unlawful adoption.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. In reviewing a defendant's motion, then, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of fact for a trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

### A. Claims Against Government Defendants

Plaintiff seeks to sue Robert McKenna and Daniel Satterberg in their official capacities as Washington State Attorney General and King County Prosecuting Attorney, respectively. Both Defendants are protected from suit by absolute prosecutorial immunity for discretionary charging decisions. *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (U.S. 1976). All of Plaintiff's claims against the Government Defendants appear to be related to their charging and investigating decisions. (Dkt. No. 7 at 10.) Accordingly, Plaintiff's claims against both Defendants are dismissed. Plaintiff's claims against the FBI are dismissed for the same reason.

### B. Claims Against Individual Defendants

Plaintiff invokes several federal statutes in his complaint. 42 U.S.C. §§ 1343 (a), 1981, 1983, 1985, 1986, 1987, 1988; 18 U.S.C. § 241, 242, 245, 1028. But Plaintiff's complaint does not support these claims. 18 U.S.C. § 1028 concerns fraud, but does not create a private right to sue. 18 U.S.C. §§ 241, 242, and 245 do not create a private right to sue. 42 U.S.C. §§ 1343(a), 1985, and 1986 require Plaintiff to allege racial animus, which he has not done. *Caldeira v. County of Kauai*, 866 F.2d 1175 (9th Cir. 1989). 42 U.S.C. §§ 1987 and 1988 do not create a private right to sue. 42 U.S.C. § 1983, does create a private right to sue for deprivation of constitutional rights, but in order to do so, a plaintiff must state the constitutional right of which he has been deprived. Plaintiff does not do this. Instead, his allegations are vague, conclusory, and devoid of any factual enhancement. This issue was raised in the Government Defendants' motion and Plaintiff had an opportunity to respond, but failed to do so. Accordingly, his

complaint against the Individual Defendants is DISMISSED pursuant to FED. R. CIV. P. 56(f). *See Celotex*, 477 U.S. at 323–24.

Plaintiff also moves for default judgment pursuant to FED. R. CIV. P. 55 against Defendant Brand. (Dkt. No. 28.) Default is entered only when a party against whom a judgment for relief is sought has failed to plead or otherwise respond. FED. R. CIV. P. 55(a). Defendant Brand responded to the complaint on May 19, 2011. Plaintiff appears to disagree with the content of Defendant Brand's answer, but a motion for default is not the remedy. Accordingly, Plaintiff's motion is without merit and DENIED.

Finally, the Court considers Plaintiff's motion for appointment of counsel. In proceedings *in forma pauperis*, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, in evaluating the Plaintiff's likelihood of success on the merits, it appears that Plaintiff has no federal cause of action and is merely challenging the results of the adoption proceedings in state court after an unsuccessful appeal to the Washington State Supreme Court. Plaintiff's motion is DENIED.

//

//

//

**III.    CONCLUSION**

For the foregoing reasons, the motion for summary judgment of Defendant Daniel Satterberg and the motion to dismiss of Defendant Rob McKenna are GRANTED. (Dkt. Nos. 26 & 30.) Plaintiff's motions are DENIED. (Dkt. Nos. 28, 31, 34, 35.) This case is DISMISSED with prejudice against all Defendants.

DATED this 4th day of October 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE